Syed MK Hasan
Telephone:  (978) 328-2298
Emails: doctorhasan@gmail.com



*Plaintiffs- Pro Se*

# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

Syed MK Hasan

(Pro Se)          Plaintiffs,

v.

Tom Bratschun; Adsero LLC F/K/A
Swanson and Bratschun LLC
David M. Tenner;
Ridley McGreevy and Wincor
          Defendants.

DOCKET NO.:

CIVIL ACTION

COMPLAINT FOR VIOLATIONS OF:

(1) MSG 43(A)- SECTION 43A. (A) WHOEVER WILLFULLY AND MALICIOUSLY ENGAGES IN A KNOWING PATTERN OF CONDUCT OR SERIES OF ACTS OVER A PERIOD OF TIME DIRECTED AT A SPECIFIC PERSON, WHICH SERIOUSLY ALARMS THAT PERSON AND WOULD CAUSE A REASONABLE PERSON TO SUFFER SUBSTANTIAL EMOTIONAL DISTRESS, SHALL BE GUILTY OF CIVIL HARASSMENT.

(2) DR 7-105(A) OF THE ABA MODEL CODE OF PROFESSIONAL RESPONSIBILITY PROHIBITED THREATS OF CRIMINAL PROSECUTION IN ORDER TO GAIN AN ADVANTAGE IN A CIVIL MATTER, STATING: (A) A LAWYER SHALL NOT PRESENT, PARTICIPATE IN PRESENTING, OR THREATEN TO PRESENT CRIMINAL CHARGES SOLELY TO OBTAIN AN ADVANTAGE IN A CIVIL MATTER

(3) COLLECTION OF TIME BARRED DEBT. MGL C. 260 § 2 VIOLATIONS OF MASSACHUSETTS STATUTE OF LIMITATIONS ON DEBT COLLECTION. MGL C. 93, § 49 DEBT COLLECTION IN AN UNFAIR, DECEPTIVE OR UNREASONABLE MANNER. OUTLINES PROHIBITED ACTIVITIES IN DEBT COLLECTION

## [JURY TRIAL DEMANDED]

1

Plaintiff(s) Syed MK Hasan- hereby known as "Plaintiff" residing at 46 Fairmount Street Lowell MA  01852 brings the following action(s) against Tom Bratschun; Adsero LLC F/K/A Swanson and Bratschun LLC and David M.Tenner; Ridley McGreevy and Wincor- herby known as "Defendants".

## NATURE OF THE ACTION

1.      This is an action for relief from Collection of Time barred Debt. MGL c. 260 § 2 Violations of Massachusetts Statute of limitations on debt collection. MGL c. 93, § 49 Debt collection in an unfair, deceptive, or unreasonable manner. Outlines prohibited activities in debt collection

2. MSG 43(A)- Section 43A. (a) Whoever willfully and maliciously engages in a knowing pattern of conduct or series of acts over a period directed at a specific person, which seriously alarms that person and would cause a reasonable person to suffer substantial emotional distress, shall be guilty of the crime of civil/criminal harassment. Illegal warrants obtained by dubious means via Arapahoe County Court, Littleton Colorado. Illegal Warrants of arrest placed on Plaintiff's Driver's license for all 50 states and US Passport. Plaintiff was stopped by US Custom sand Border Patrol agents on return from an academic conference in the EU (October 21st, 2021) due to debt collection warrant of arrest appears on Plaintiff' US Passport.

3. DR 7-105(a) of the ABA Model Code of Professional Responsibility prohibited threats of criminal prosecution in order to gain an advantage in a civil matter, stating: (A) A lawyer shall not present, participate in presenting, or threaten to present criminal charges solely to obtain an advantage in a civil matter.

# I. THE PARTIES

1. Plaintiff(s) allege that Defendants Tom Bratschun; Adsero LLC F/K/A Swanson and Bratschun LLC; David M. Tenner; Ridley McGreevy and Wincor (collectively, "Defendants"), unlawfully discriminated against him on the basis of their national origin characteristics and harassed the Plaintiff on basis of ethnicity and retaliated against them using corrupt court tactics and close corrupt contacts within the local Arapahoe county Court, located in Littleton Colorado to collect on a corporate debt of defunct S-Corp for patent filling fees that were incurred in 2007.

Plaintiff further allege that Defendants' policies, practices, and decisions— The attorney that Mr. Bratschun of Swanson and Bratschun LLC Hired (K/N/A Adsero) hired; a Mr. David M Tenner of the law firm Ridley, McGreevy &; Winocur, P.C had bamboozled his way into the local court room to not only have the following case [D#32016CV32930- Arapahoe County Court] heard but to fully prosecute the fraudulent case not as a civil case but in fact as a criminal case.

In the process of running this case Mr. Tenner has deliberately harassed Plaintiff's family and Plaintiff continuously. First knowingly sending a subpoena to Plaintiff's parents' home residing at 238 West London St. Lowell MA; when in fact he knew that Plaintiff's current (C-Corp) company office address is located in North Andover MA. Plaintiff's elderly parents were quite shaken up when the sheriff showed up to their door. Mr. Tenner sends yet another subpoena to Plaintiff's home in an upscale neighborhood in Lowell MA; frightening his wife and two twin boys (age 5 who are diagnosed with Autism); not to mention embarrassing me in front my neighbors. (Circa 2019)

(*Due to the ongoing COVID-19 Pandemic, Plaintiff was delayed in bringing suit, but the time frame for the lawsuit is still within parameter. As a civil case against Defendants have a Statute of Limitations of 3 years.)

**<u>*The willful acts conducted by Mr. Bratschun and Mr. Tenner fall under acts of intimidation and harassment to collect a time barred debt incurred by an defunct S-Corp. entity in Commonwealth of Massachusetts; that went defunct 2007. Plaintiff was never a defendant in the case in any way!*</u>**

Once it was realized that these tactics did not work with the Plaintiff, Mr. Tenner proceeded with requests, not once but multiple times from the local Arapahoe county court to:

A: Enforcement of settlement

B: Request for Plaintiff's presence at the court in Colorado in three days

C: Request not only a state bench warrant but then have it converted to nation-wide arrest warrant for Debt Collection.

2.      Plaintiff seeks declaratory relief, compensatory damages, punitive damages, liquidated damages, remedies for Defendants' violations of his rights in the **amount of 5 Million USD.**

## II. JURISDICTION AND VENUE

3.      This Court has jurisdiction of Plaintiffs' federal law claims pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law and Massachusetts debt collection laws.  Plaintiff resides in Massachusetts and the Defendants reside and do business in the state of Colorado.

This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiffs' state law claims share all common operative facts with their federal law claims, and the parties are identical. Resolving Plaintiffs' federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

COMPLAINT FOR ILLEGAL DEBT COLLECTION

**III**. Venue is proper in, and Defendants are subject to the personal jurisdiction of, this Court because Defendants maintain facilities and business operations in Colorado but Plaintiff (injured party resides in Massachusetts). The injured party (Plaintiff) brings this suit to the US District Court of Massachusetts.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4.      Plaintiff has tried to contact both defendants to remedy the above transgressions but to no avail. The arrest warrants for debt collection still show up on Plaintiff's Driver's License and Passport to date.

5.      Plaintiff has timely filed this action and has complied with all administrative prerequisites to bring this lawsuit.

Dated:  January 24, 2022

Respectfully submitted,
Dr. Syed MK Hasan
MD/Ph.D./MBA

By: _____
SYED MK HASAN (LLB)
Plaintiff (Pro Se)


## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all causes of action and claims to which he has a right to a jury trial.

Dated:  January 24th, 2022

Respectfully submitted,


By: _____
Syed MK Hasan (LLB)
Plaintiff (Pro Se)

COMPLAINT FOR ILLEGAL DEBT COLLECTION